RAMÓN MATOS MATOS, peticionario, *v.* JUNTA EXAMINADORA DE INGENIEROS Y AGRIMENSORES, recurrida.

*Número:* CC-2002-555       *Resuelto:* 20 de septiembre de 2005

742

*Harold Rivera Vázquez* y *Solanya Vargas González*, abogados de la parte peticionaria; *Carmen Riera Cintrón* y *Gilberto Oliver Vázquez*, abogados de la recurrida.

LA JUEZ ASOCIADA SEÑORA RODRÍGUEZ RODRÍGUEZ emitió la opinión del Tribunal.

Tenemos ocasión de resolver si la Ley de la Junta Examinadora de Ingenieros, Arquitectos y Agrimensores de Puerto Rico, según enmendada, provee para que los ingenieros en entrenamiento puedan ser ingresados en el Registro Permanente de Ingenieros Autorizados para la Práctica de la Agrimensura y puedan, en consecuencia, ejercer la profesión de la agrimensura en Puerto Rico. Resolvemos en la negativa.

## I

El peticionario Román Matos Matos (señor Matos) cursó ingeniería civil en la Universidad Politécnica de Puerto Rico y obtuvo un bachillerato en dicho campo en noviembre de 1978. Aprobó el examen de reválida únicamente en su parte fundamental, mientras que fracasó en su parte profesional. En abril de 1989 la Junta Examinadora de Ingenieros, Arquitectos y Agrimensores (Junta Examinadora) emitió la Certificación Núm. 10161EIT ("engineer in training"), mediante la cual se clasificó al señor Matos como "ingeniero en entrenamiento", conforme a la Ley de la Junta Examinadora de Ingenieros, Arquitectos y Agrimensores, Ley Núm. 173 de 12 de agosto de 1988, según enmendada, 20 L.P.R.A. sec. 711 *et seq.* (Ley 173).[1] Posteriormente, obtuvo su inscripción en el Departamento de Estado como ingeniero en entrenamiento. Es importante destacar que no surge del expediente la fecha cuando el señor Matos tomó su examen de reválida ni en qué se desempeñó desde que se graduó en 1978 hasta que solicitó su certificación como ingeniero en entrenamiento once años después.

---

[1] Esta ley fue enmendada por la Ley Núm. 185 de 26 de diciembre de 1997.

El 7 de julio de 1989 el señor Matos solicitó la admisión al Registro Permanente de Ingenieros Autorizados para la Práctica de la Agrimensura (Registro Permanente), registro que incluye todos los ingenieros capacitados para ejercer la agrimensura según los requisitos de las disposiciones transitorias de la Ley 173. En su solicitud, el señor Matos se limitó a indicar sus señas personales, la referencia a su número de licencia 10161EIT y a hacer constar los cursos aprobados que lo cualificaban a practicar la agrimensura.([2]) Apéndice de la Petición de *certiorari*, pág. 3. La solicitud fue acompañada con la transcripción de créditos acreditativa de que había tomado los cursos requeridos.

El 6 de junio de 1990, la Junta Examinadora le notificó al señor Matos un permiso provisional que lo facultó a ejercer la práctica de la agrimensura. Se le indicó en esta comunicación que la certificación oficial estaba sujeta a la revisión y aprobación final de su solicitud por la Junta Examinadora.([3]) No fue hasta noviembre de 1995 que el Colegio de Ingenieros y Agrimensores de Puerto Rico (C.I.A.P.R.) se percató de la irregularidad del permiso provisional concedido. Mediante carta, el C.I.A.P.R. cuestionó a la Junta Examinadora sobre el procedimiento utilizado, mediante el cual se autorizó provisionalmente a un ingeniero en entrenamiento a practicar la agrimensura, cuando la ley solamente permite la inclusión en el Registro Permanente a los ingenieros licenciados. Apéndice de la Petición de *certiorari*, pág. 13.

No obstante haber impugnado el permiso concedido, el mismo mes de noviembre de 1995 el C.I.A.P.R. emitió una certificación, acreditando que el peticionario, además de

---

([2]) El formulario preimpreso que cumplimentó indica lo siguiente:

"Por la presente hago constar que soy Ingeniero Licenciado y solicito se me incluya en el Registro Permanente contenido en el Artículo 30, Sección G, de la Ley Núm. 173, del 12 de agosto de 1988, para que se me permita practicar la Agrimensura en Puerto Rico." Apéndice de la Petición de *certiorari*, pág. 3.

([3]) No consta en el expediente información alguna que indique que la Junta Examinadora de Ingenieros, Arquitectos y Agrimensores (Junta Examinadora), en efecto, haya pasado juicio sobre la solicitud del señor Matos.

ser ingeniero en entrenamiento, estaba autorizado a ejercer la agrimensura. Apéndice de la Petición de *certiorari*, pág. 15. La Junta Examinadora, mediante una correspondencia de abril de 1996, se expresó a esos mismos efectos. Cabe destacar que durante todo este tiempo el señor Matos había acudido, en repetidas ocasiones, al C.I.A.P.R. solicitando orientación sobre cómo debía presentar sus credenciales.

Así las cosas, en junio de 1996 la Administración de Reglamentos y Permisos (A.R.Pe.) se querelló ante el C.I.A.P.R., porque el señor Matos había presentado ilegalmente unos proyectos bajo un sello profesional de ingeniero sin estar autorizado para ello.(⁴) Mediante Resolución de 6 de marzo de 1998, el Tribunal Disciplinario del Colegio de Ingenieros determinó, como cuestión de hecho, que el querellado era agrimensor e ingeniero en entrenamiento y que ilegalmente éste representaba en su sello que era ingeniero. En vista que los proyectos involucrados eran de agrimensura y no de ingeniería, el Tribunal Disciplinario limitó la sanción a una amonestación y advirtió al querellado "a no proseguir con esta conducta".(⁵) El señor Matos no apeló esta determinación.

Conforme dicha resolución, el peticionario preparó un nuevo sello profesional para certificar proyectos de agrimensura, y en marzo de 1999 solicitó ante la Junta Exa-

---

(⁴) Mediante Carta de 15 de febrero de 1996, dirigida a la Junta Examinadora, el peticionario admitió haber utilizado el título de ingeniero en su sello. Éste indicó que:

"Porque se pensó (sic) lo mismo que yo me creía que la transición de leyes me había favorecido (sic) y que se me estaba cambiando de categoría de Ingeniero Certificado a Ingeniero Licenciado además yo llegué a pensar que como la certificación dice que de acuerdo a la Ley 173 del 12 de agosto de 1988 inciso G aquí habla de otorgarle este permiso a Ingenieros Licenciados Capacitados y no habla de Ingenieros en Entrenamiento que presentaran su solicitud dentro del tiempo de la moratoria de un año." Apéndice de la Petición de *certiorari*, pág. 16.

(⁵) No surge claro de la resolución si "esta conducta" de la que se le apercibe que debe abstenerse se refiere a representarse como agrimensor o como ingeniero. Según una posterior Resolución de 26 de diciembre de 2001, la Junta Examinadora interpretó que el Tribunal Disciplinario del Colegio de Ingenieros apercibió al señor Matos a desistir de utilizar tanto el título de agrimensor como el de ingeniero licenciado. Apéndice de la Petición de *certiorari*, pág. 42.

minadora la aprobación de dicho sello y la renovación de su licencia de agrimensor. Al evaluar la solicitud, la Junta Examinadora se percató que el señor Matos no era ingeniero licenciado y que desde 1989 practicaba la agrimensura con una autorización otorgada ilegalmente. La Junta Examinadora inició el trámite administrativo y le notificó al señor Matos la intención de revocar su certificado de ingeniero en entrenamiento y su licencia provisional de agrimensor por éste haber violado los cánones de ética del C.I.A.P.R. No obstante, en esta misiva no se le comunicaron los hechos constitutivos de esta violación ni se especificó cuáles fueron los cánones alegadamente violados.[6] Se celebró una vista el 18 de abril de 2001, en la cual el señor Matos tuvo la oportunidad de declarar y de presentar prueba a su favor.

El 26 de diciembre de 2001 la Junta Examinadora emitió una resolución mediante la cual se le suspendió al señor Matos por el término de un (1) año el certificado de ingeniero en entrenamiento y se le revocó su licencia provisional de agrimensor, ya que era nula por haber sido otorgada en contravención a la ley. Nuevamente, la Junta Examinadora fundamentó su determinación en el hecho que el señor Matos había sido incluido en el Registro Permanente de agrimensores ilegalmente, ya que sólo los ingenieros licenciados tienen acceso a dicho registro.

Inconforme, y luego de denegarse de plano una moción de reconsideración, el señor Matos acudió al foro apelativo con un recurso de revisión administrativa. Argumentó que la Junta Examinadora había interpretado erróneamente la Ley 173, al excluirlo del registro que le permitía ejercer la agrimensura y al concluir que había violado una orden del Tribunal Disciplinario del Colegio de Ingenieros de abstenerse a ejercer como agrimensor.

El tribunal *a quo* consideró la comparecencia de las partes y concluyó que sólo un ingeniero licenciado o agrimen-

---

[6] En una carta posterior le indicaron que la ilegalidad surgía de la "nulidad ab initio de su inclusión en el Registro Permanente de Agrimensura por la misma haber sido hecha de forma contraria a las leyes". Apéndice 23, pág. 40.

sor licenciado pueden ejercer la agrimensura. Determinó que la actuación de la Junta Examinadora fue razonable y conforme al mandato legislativo. En consecuencia, denegó el recurso solicitado. De esa resolución el señor Matos acudió ante nosotros y nos planteó el señalamiento de error siguiente:

> Erró el Honorable Tribunal de Circuito de Apelaciones al confirmar la "resolución" emitida por la Junta Examinadora de Ingenieros y Agrimensores de Puerto Rico revocando el permiso que autorizaba al aquí peticionario a practicar la agrimensura en Puerto Rico y suspendiéndolo del registro permanente para la práctica de la agrimensura. Petición de *certiorari*, pág. 9.

Expedimos el recurso y, contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II

La controversia central que nos ocupa gira en torno a la correcta interpretación de las disposiciones transitorias de la Ley 173. En su escrito, el peticionario sostiene que si bien es correcta, como regla general, la interpretación del foro apelativo, en el sentido que sólo los "ingenieros licenciados" pueden ejercer la agrimensura en Puerto Rico, no es así en su caso. Sostiene que la disposición transitoria contenida en el Art. 3(i) de la Ley 173 (20 L.P.R.A. sec. 711a(i)) autoriza a un "ingeniero en entrenamiento" a solicitar su ingreso al Registro Permanente y, por lo tanto, ejercer como agrimensor. Habida cuenta entonces de que el peticionario tiene una certificación de "ingeniero en entrenamiento", él está autorizado a practicar la agrimensura.

■ Al interpretar una ley, los tribunales tenemos la obligación de considerar cuáles fueron los propósitos sociales que motivaron a la Asamblea Legislativa a aprobarla. *Depto. de la Familia v. Ramos*, 158 D.P.R. 892 (2003); *Piñero v. A.A.A.*, 146 D.P.R. 890 (1998); *Col. Ópticos P.R. v. Pearle Vision Center*, 142 D.P.R. 221 (1997). Resulta nece-

sario que en nuestra interpretación armonicemos, hasta donde sea posible, todas las disposiciones de la ley con el propósito de lograr una interpretación integrada, lógica y razonable de la intención legislativa.

Las distintas disposiciones que componen una ley no deben ser interpretadas de manera aislada, sino que deben ser analizadas en conjunto. Sin embargo, no debemos perder de vista que el lenguaje claro de la ley es la mejor expresión de la intención legislativa. *Departamento Hacienda v. Telefónica*, 164 D.P.R. 195 (2005); *Rexach v. Ramírez*, 162 D.P.R. 130 (2004), y otros casos allí citados.

A la luz de la normativa anterior, pasemos a evaluar las disposiciones legales relacionadas con esta controversia.

El peticionario argumentó que el foro apelativo erró al no considerar que su condición de ingeniero en entrenamiento lo cualificaba para acogerse a la moratoria provista en el Art. 30(g) de la Ley 173. Fundamentó su contención en el uso de la palabra "certificado" en el Art. 30(g) de dicha ley, término que aduce se refiere a los ingenieros en entrenamiento. No tiene razón.

La Ley 173, disposición vigente al momento de que el peticionario solicitara la clasificación como ingeniero en entrenamiento, fue aprobada con el propósito de armonizar las disposiciones legales que rigen la práctica profesional de la ingeniería, arquitectura y agrimensura en Puerto Rico, para garantizar la calidad y exigencia en dichos servicios. Mediante ella se pretendió atemperar los rigores de la ley a las exigencias modernas de la profesión, en beneficio no tan sólo de los profesionales que regula, sino también del desarrollo socioeconómico del país. Exposición de Motivos de la Ley 173 (1988 Leyes de Puerto Rico 860). Esta ley derogó la Ley Núm. 399 de 10 de mayo de 1951 (Ley 399), 1951 Leyes de Puerto Rico 1011, ley que hasta entonces reglamentaba las profesiones de ingeniería, arquitectura y agrimensura, e introdujo una serie de cambios significativos.

La Ley 399 clasificaba a los ingenieros y arquitectos en

ingenieros o arquitectos graduados, e ingenieros y arquitectos licenciados, distinción que tenía poco sentido práctico —si alguno— ya que tanto los ingenieros y arquitectos graduados como los ingenieros o arquitectos licenciados tenían que aprobar el mismo examen de reválida y tenían el mismo derecho a ejercer su profesión sin limitaciones. Para estar autorizado a ejercer como ingeniero graduado, la Junta expedía un "certificado", acreditativo de que el solicitante cumplía con los requisitos necesarios.(⁷) De otro lado, los ingenieros licenciados recibían una "licencia" expedida a su nombre por la Junta Examinadora.(⁸) Art. 3(d), 20 L.P.R.A. sec. 711a(d).

En cuanto a la agrimensura, *bajo la Ley 399 era suficiente para ser agrimensor licenciado que la persona hubiera cursado estudios en ingeniería, sin necesariamente haber aprobado cursos en agrimensura*, siempre que probaran cumplir con ciertos requisitos. La ley requería, además de los correspondientes estudios —por lo menos dos años de estudios en ingeniería o haber terminado estudios en agrimensura— al menos dos años de experiencia profesional que acreditara su capacitación en la agrimensura a satisfacción de la Junta Examinadora, y la aprobación de exámenes escritos en las materias fundamentales de la agrimensura. Art. 9(3) de la Ley 399 (1951 Leyes de Puerto Rico 1025).

La Ley 173 *eliminó la clasificación de ingenieros graduados y creó la clasificación de "ingenieros en entrenamiento".*(⁹) Para cualificar como ingeniero en entre-

---

(⁷) Los requisitos para cualificar como ingeniero graduado eran: haberse graduado de ingeniería en un programa de no menos de cuatro años y haber aprobado la reválida en las materias fundamentales de la ingeniería o la arquitectura. Art. 9(1)(a) de la Ley Núm. 399 de 10 de mayo de 1951 (Ley 399), 1951 Leyes de Puerto Rico 1023.

(⁸) Los ingenieros licenciados, además de los requisitos del graduado, debían proveer una relación detallada de experiencia profesional de no menos de cuatro años. Art. 9(2)(a) de la Ley 399, *supra*, 1951 Leyes de Puerto Rico 1023 y 1025.

(⁹) La clasificación quedó definida en la Ley Núm. 173 de 12 de agosto de 1988 (Ley 173) de la manera siguiente:

"(c) 'Ingeniero en entrenamiento' significa toda persona que posea un diploma o certificado acreditativo de haber completado satisfactoriamente los requisitos de esta

namiento es requisito que la persona presente una prueba acreditativa de haberse graduado de un curso de no menos de cuatro años académicos, o su equivalencia, de cualquier universidad acreditada, y haber aprobado la reválida en las materias fundamentales de la disciplina de la ingeniería. Art. 9(5)(a), 1988 Leyes de Puerto Rico 869. Por su parte, para ser ingeniero licenciado es necesario haber aprobado, además de los requisitos anteriores, la reválida en las materias profesionales de la ingeniería.([10]) Art. 9(5)(b) de la Ley 173 (1988 Leyes de Puerto Rico 869). Sólo el ingeniero licenciado podrá tener un sello y certificar planos, diseños y mediciones en la ingeniería.

En cuanto a la práctica de la agrimensura, la Ley 173 también distingue entre los agrimensores en entrenamiento y los agrimensores licenciados. Se impuso como exigencia para cualificar como agrimensor en entrenamiento, haber estudiado cuatro años en un curso o plan de estudios de agrimensura, y aprobar la reválida fundamental; y ambas reválidas, la fundamental y la profesional, en el caso de los agrimensores licenciados. Art. 9(5)(e) y (f) de la Ley 173 (1988 Leyes de Puerto Rico 870). De lo anterior surge con claridad que la Ley 173 equiparó los requisitos para la práctica de la agrimensura con los de la ingeniería y eliminó la posibilidad de que los ingenieros que no hubiesen estudiado propiamente la agrimensura pudieran desempeñarse como agrimensores.

No obstante, mediante una disposición transitoria contemplada en la Ley 173, se procuró proteger a los ingenieros que para la fecha de efectividad de la ley ya ejercían la agrimensura bajo su licencia profesional de ingeniero, y a aquellas personas que al momento de la aprobación de la

---

disciplina en una escuela cuyo programa esté reconocido por la Junta, que haya cumplido con el requisito de inscripción en el Registro Oficial de la Junta y que la Junta le haya expedido el correspondiente certificado." Art. 3(c) de la Ley 173 (1988 Leyes de Puerto Rico 862).

([10]) Adviértase que en virtud de la Ley 173 los ingenieros licenciados deben aprobar reválidas en dos materias: fundamental y profesional; mientras que bajo la predecesora Ley 399, sólo se les requería aprobar la reválida en la materia fundamental.

ley habían, al menos, comenzado estudios en ingeniería. A estos efectos, la Ley 173 dispuso, en su Art. 30(g), que:

(g) Todo ingeniero debidamente licenciado como tal por la Junta y que esté capacitado para ejercer la agrimensura podrá continuar practicándola bajo su licencia de ingeniero, sin necesidad de poseer además una licencia de agrimensor. A los fines de esta disposición, la Junta establecerá un Registro Permanente en el cual deberán inscribirse los ingenieros en tales circunstancias dentro de un (1) año a partir de la fecha en que entre en vigor esta disposición. Transcurrido este término, sólo podrán practicar la agrimensura en Puerto Rico los ingenieros así registrados y los profesionales que posean una licencia de agrimensor. ...

Los estudiantes de ingeniería que a la fecha de aprobación de esta ley hayan comenzado su primer año de estudios de ingeniería podrán solicitar ser incluidos en dicho Registro Permanente después de haber aprobado el examen de reválida requerido en la misma y estar colegiados. Tal solicitud deberá hacerse dentro de un (1) año contado a partir de la fecha de expedición de su correspondiente certificado o licencia de ingeniero y la Junta podrá incluirlo en el Registro Permanente siempre que, a su juicio, el solicitante esté capacitado para practicar la agrimensura.

A los fines del Registro Permanente dispuesto en este inciso, "ingeniero capacitado" significa toda persona que haya aprobado los cursos de Agrimensura I y II, Campamento de Agrimensura y Cursos de Carreteras, como requisitos académicos, o que en la alternativa, presente prueba acreditativa de haber estado practicando la agrimensura al entrar en vigor la ley. Una vez aprobada esta ley, todo ingeniero licenciado que quede excluido de las cláusulas anteriores y que desee ser incluido en el Registro Permanente deberá demostrar fehacientemente haber aprobado los cursos conducentes a la concentración en agrimensura en una institución acreditada, según requerido por la Junta Examinadora para los agrimensores. 1988 Leyes de Puerto Rico 883–884.

Así también, la Ley 173 consideró que los ingenieros o arquitectos que hubieran obtenido una certificación de "graduados" según la Ley 399 pudieran solicitar su licencia de ingeniero dentro del término de un (1) año de la aprobación de la Ley 173. Art. 30(f) de la Ley 173 (1988 Leyes de Puerto Rico 883).

■ De lo anterior se desprende que las disposiciones transitorias de la Ley 173 intentaron proteger a los inge-

nieros graduados para que obtuvieran su licencia correspondiente, y a los ingenieros licenciados que ya estuvieran practicando la agrimensura a que pudieran ser certificados como agrimensores licenciados sin tener que cumplir con los requerimientos académicos adicionales de la nueva ley. Cabe destacar que aun con el beneficio de esta disposición transitoria, la ley dispuso un término de tres años dentro de los cuales la persona debía tomar la reválida de agrimensura. Art. 30(h) de la Ley 173 (1988 Leyes de Puerto Rico 884).

■ No es razonable concluir, como nos solicita el peticionario, que el legislador haya pretendido proteger mediante estas disposiciones transitorias a los ingenieros en entrenamiento, pues la clasificación no existía bajo la ley anterior. Más bien, concluimos que la palabra "certificado" en el segundo párrafo del Art. 30(g), *supra*, es una referencia a los ingenieros graduados, quienes según la Ley 399 podían ejercer la ingeniería sin restricciones, con el certificado correspondiente.

Contrario al argumento del peticionario, no consideramos que la interpretación del Tribunal de Apelaciones tenga el efecto de brindarle mayores derechos al estudiante de ingeniería de los que le brinda al ingeniero en entrenamiento. El referido Art. 30(g) lo que hizo fue proveer para que las personas que estuvieran estudiando ingeniería al momento de la aprobación de la ley pudieran solicitar ejercer la agrimensura una vez hubieran terminado sus estudios y obtuvieran su licencia de ingeniero —tal y como se le permitió a los ingenieros licenciados— sin necesidad de cursar estudios propiamente de agrimensura. Es evidente que para así hacerlo tenían que cumplir con los mismos requisitos impuestos a los ingenieros licenciados, a saber: finalizar sus estudios; ser ingeniero licenciado; haber tomado los cursos en agrimensura que exige la ley en su Art. 30(g), *supra*, y aprobar la reválida de agrimensura. La misma exigencia aplica a los ingenieros en entrenamiento.

■ Luego de considerar de manera integrada las disposiciones de la Ley 173 y de su predecesora, la Ley 399, resolvemos que solamente un ingeniero licenciado capacitado para ejercer la agrimensura y un agrimensor licenciado pueden ejercer la agrimensura en Puerto Rico. Los estudiantes de ingeniería a los que benefició la disposición transitoria de la Ley 173 deberán cumplir con los mismos requisitos que aplican a los ingenieros licenciados para poder practicar la agrimensura.

Con el anterior trasfondo doctrinal pasemos a aplicar los hechos del caso, no sin antes reiterar la norma que rige en nuestro ordenamiento jurídico sobre la revisión de las determinaciones administrativas.

■ Las decisiones administrativas tienen a su favor una presunción de legalidad y corrección que debe ser respetada mientras la parte que la impugne no presente suficiente evidencia para derrotarla. *A.D.C.V.P. v. Tribunal Superior*, 101 D.P.R. 875 (1974). Las conclusiones e interpretaciones de los organismos administrativos especializados merecen gran consideración y respeto por parte de los tribunales, y la revisión administrativa se limita a determinar si la agencia actuó de manera tan arbitraria o irrazonable que pueda considerarse su actuación como un abuso de discreción. *Murphy Bernabé v. Tribunal Superior*, 103 D.P.R. 692 (1975); *Fuertes y otros v. A.R.Pe.*, 134 D.P.R. 947 (1993). Hemos indicado que la deferencia reconocida a las agencias administrativas sólo cede en las circunstancias siguientes: cuando la determinación no está basada en evidencia sustancial; cuando el organismo administrativo erró al aplicar la ley, y cuando se trata de una actuación irrazonable o ilegal. Véase *Otero v. Toyota*, 163 D.P.R. 716 (2005), y otros casos allí citados.

III

Luego de analizar el derecho aplicable, resolvemos que no erró el Tribunal de Apelaciones al confirmar la determi-

nación de la Junta Examinadora. Al aprobarse la citada Ley 173 en agosto de 1988, el Sr. Román Matos Matos había terminado sus estudios en ingeniería y había tomado los cursos requeridos para ser agrimensor. Es evidente que al momento no era estudiante de ingeniería. Más aún, en ese momento el peticionario no era poseedor, bajo la anterior Ley 399, ni de una certificación de ingeniero graduado ni de una licencia de ingeniero. Por el contrario, solicitó su certificación como ingeniero en entrenamiento en abril de 1989, ya aprobada la Ley 173. Claramente, el señor Matos no cualificaba dentro de las clasificaciones que el legislador quiso proteger mediante la disposición transitoria de la Ley 173. Tampoco está en controversia el hecho que el peticionario no es un ingeniero licenciado, por no haber aprobado la reválida de ingeniería en su parte profesional.[11] Tampoco ha tomado la reválida de agrimensura. En consecuencia, debemos concluir que no cumple con los requisitos de la Ley 173 para practicar la agrimensura en Puerto Rico.

Reconocemos que el señor Matos actuó amparado en un permiso provisional que lo facultaba a ejercer la agrimensura. No empece, se trató de un permiso ilegalmente expedido, ya que no era un ingeniero licenciado, *requisito indispensable para la validez del permiso.* Hemos señalado que si bien toda persona tiene derecho a ejercer cualquier profesión o negocio, no se trata de un derecho absoluto, sino de un derecho subordinado al poder de reglamentación del Estado. *Infante v. Junta de Médicos Exam. de P.R.,* 43 D.P.R. 325 (1932), citado con aprobación en *San Miguel Lorenzana v. E.L.A.,* 134 D.P.R. 405, 413 (1993). En el ejercicio de su poder de razón de estado, éste regula las profesiones u oficios en aras de proteger el bienestar público, a la vez que evita el fraude y la incompetencia. Además, el Estado puede válidamente con-

---

[11] Como mencionamos, no surge del expediente la fecha en la que el peticionario tomó la reválida de ingeniería. El hecho que haya fracasado la materia profesional es indicativo que revalidó luego de la aprobación de la Ley 173.

dicionar la práctica de una profesión a la obtención de la correspondiente licencia o permiso. Véanse: *San Miguel Lorenzana v. E.L.A.*, supra; *Col. Ing. Agrim. P.R. v. A.A.A.*, 131 D.P.R. 735, (1992); *Asoc. Drs. Med. Cui. Salud v. Morales*, 132 D.P.R. 567 (1993).

Tampoco el hecho que el Estado haya otorgado una licencia erróneamente, bajo la premisa equivocada que la persona reúne los requisitos que lo cualifican a ejercer la profesión en cuestión, otorga a dicha persona un derecho de continuar ejerciéndola. Los errores administrativos no crean derechos que obliguen a las agencias ni impiden su corrección, por cuanto el peticionario no puede ampararse en una actuación administrativa incorrecta o ilegal. Véanse: *Magriz v. Empresas Nativas*, 143 D.P.R. 63 (1997); *Director Of. Inspección Notarías v. Colón*, 131 D.P.R. 102 (1992); *Del Rey v. J.A.C.L.*, 107 D.P.R. 348, (1978).

## IV

Por los fundamentos anteriormente expuestos, *se confirma la sentencia del Tribunal de Apelaciones que, a su vez, confirma la resolución de la Junta Examinadora de Ingenieros, Arquitectos y Agrimensores, mediante la cual se revocó el permiso otorgado al peticionario para ejercer la agrimensura provisionalmente. Se dictará la sentencia correspondiente.*

La Jueza Asociada Señora Fiol Matta concurrió sin opinión escrita. El Juez Asociado Señor Fuster Berlingeri disintió sin opinión escrita.