ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| **SORAYA ROSADO RUIZ**<br><br>Recurrida<br><br>v.<br><br>**NEOMED CENTER, INC.**<br><br>Peticionario | KLCE202400188 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Humacao**<br><br>Civil Núm.: **HU2022CV01675**<br><br>Sobre: Despido injustificado (LEY NÚM. 80), Ley de represalias en el empleo (LEY NÚM. 115-1991), Discrimen por impedimento (LEY NÚM. 44), Procedimiento sumario bajo la LEY NÚM. 2 |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Pérez y la Jueza Martínez Cordero.

Cintrón Cintrón, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de marzo de 2024.

Mediante *Petición de Certiorari* presentada el 14 de febrero de 2024, comparece ante nos Neomed Center, Inc. (Neomed o peticionaria) y solicita que revoquemos la *Resolución* emitida el 7 de febrero de 2024, por el Tribunal de Primera Instancia (en adelante, TPI) Sala Superior de Humacao. Mediante la misma, el TPI declaró *No Ha Lugar* la moción de desestimación presentada por la parte peticionaria. Ello, dentro de un pleito incoado al amparo de la Ley Núm. 2, *infra*.

Sin embargo, en vista de que estamos ante una resolución interlocutoria dentro de una causa de acción al amparo del procedimiento sumario de la *Ley de Procedimiento Sumario de*

*Reclamaciones Laborales*, Ley Núm. 2 del 17 de octubre de 1961, 32 LPRA sec. 3118, *et seq.*, denegamos expedir el auto de *certiorari*.

**I.**

Según surge del expediente, desde 2013 la señora Soraya Rosado Ruiz (señora Rosado Ruiz o recurrida) se desempeñaba como Administradora de Sistemas de Oficinas en Neomed Center, Inc. El 15 de julio de 2022, presentó una querella administrativa ante la oficina del Departamento de Desarrollo Organizacional y Gerencia de Talentos (en adelante, DDO&GT) contra la presidenta de la Junta de Directores de Neomed, la señora Daisy Pérez Montañez, por alegado maltrato, ambiente hostil y humillaciones.

En consecuencia, el DDO&GT inició una investigación interna sobre los alegados incidentes. La investigación y las entrevistas fueron realizadas por el licenciado Víctor M. Rivera Torres (en adelante, Lcdo. Rivera Torres) como asesor legal de Neomed. En el curso de este procedimiento, se entrevistaron a dos (2) testigos de uno de los alegados incidentes, la señora Pérez Montañez y la propia señora Rosado Ruiz. El 13 de septiembre de 2022, el licenciado Rivera Torres preparó un informe, en el cual concluyó que no hubo acoso laboral y que el testimonio de la señora Rosado Ruiz era falso y mendaz. En consecuencia, por decisión de la Junta de Directores, la señora Rosado Ruiz fue despedida de su empleo el 19 de octubre de 2022.

Así las cosas, el 7 de diciembre de 2022, la señora Rosado Ruiz instó una *Querella* ante el TPI por acoso laboral, represalias, despido injustificado y discrimen por impedimentos en contra de Neomed. La querellante se acogió al procedimiento sumario de la Ley Núm. 2, *supra.* En esencia, alegó que el patrono violentó la Ley Núm. 115-1991, *infra*, y la Ley Núm. 90-2020, *infra*, toda vez que fue despedida luego de haber utilizado el procedimiento indicado en la ley para atender una queja por ambiente hostil en el trabajo. Además, por

quebrantar las disposiciones de la Ley Núm. 44 del 2 de julio de 1985, 1 LPRA sec. 501, al despedirla mientras se encontraba solicitando una licencia de salud para acomodo razonable. Solicitó la indemnización de daños, angustias mentales, pérdida de ingreso, mesada, más costas y honorarios. De otra parte, Neomed presentó una *Contestación a Querella*, mediante la cual negó responsabilidad y argumentó que el despido de la señora Rosado Ruiz fue uno justificado.

Luego de varios trámites procesales relacionados a una solicitud descalificación del licenciado Rivera Torres[1], el 22 de enero de 2024, Neomed incoó *Moción en Solicitud de Desestimación.* En síntesis, arguyó que procedía la desestimación de la querella de epígrafe debido a que se presentó sin que la señora Rosado Ruiz agotara el remedio de mediación judicial requerido por la Ley Núm. 90-2020, 29 LPRA sec. 3111. Ese mismo día, la señora Rosado Ruiz presentó *Moción en Oposición a Solicitud de Desestimación.* En su comparecencia, entre otras cosas, adujo que no existía un remedio administrativo que agotar.

El 7 de febrero de 2024, luego de evaluar las posturas de ambas partes, el TPI declaró *No Ha Lugar* la moción de desestimación presentada por Neomed.

En desacuerdo con la decisión del foro primario, Neomed comparece ante nosotros mediante el recurso que nos ocupa y alega que el TPI cometió el siguiente error:

> Erró el Honorable Tribunal de Primera Instancia al declarar No Ha Lugar la moción de desestimación, presentada cuando la Ley 90 sobre acoso laboral establece claramente la obligación del empleado de acudir al negociado de métodos alternos para la solución de conflictos de la rama judicial antes de

---

[1] El 16 de octubre de 2023, Neomed presentó *Moción para Asumir Representación Legal.* La señora Rosado Ruiz presentó moción para descalificar al licenciado Rivera Torres, por entender que se trataba de un testigo esencial. Sobre el particular, el TPI emitió una *Orden* declarando *Ha Lugar* la solicitud de descalificación. A su vez, Neomed incoó el recurso de *certiorari* KLCE202300113, el cual fue expedido y se confirmó la descalificación del licenciado el 7 de junio de 2023.

presentar una reclamación en el tribunal (artículo 10-29 LPRA3120). Es requisito *sine qua non* agotar el remedio administrativo prescrito por la ley para que un tribunal tenga jurisdicción.

(Mayúsculas y negrillas suprimidas).

El 26 de febrero de 2024, la señora Rosado Ruiz presentó su *Oposición a Certiorari*. Con el beneficio de la comparecencia de ambas partes, estamos en posición de resolver.

## II.

## A.

El recurso *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, resuelto el 8 de mayo de 2023; *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *León v. Rest. El Tropical*, 154 DPR 249 (2001). La regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021*); Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019).[2]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime. Ahora bien, no significa poder actuar en una forma u otra, haciendo

---

[2] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra.*

abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que podamos ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado perjuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los asuntos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

De otra parte, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González*, 149 DPR 859, 866 (1999).

**B.**

La Ley Núm. 90 de 7 de agosto de 2020, mejor conocida como *Ley para prohibir y prevenir el acoso laboral en Puerto Rico,* 29 LPRA sec. 3111, *et seq.,* se promulgó con el fin de atender de manera expresa "una de las peores situaciones que un empleado puede enfrentar en el ámbito profesional; el acoso laboral".[3] En esa misma línea, el Art. 4(3) de la Ley Núm. 90-2020, 29 LPRA sec. 3114(3), define acoso laboral de la siguiente manera:

> [...] aquella conducta malintencionada, no deseada, repetitiva y abusiva; arbitraria, irrazonable y/o caprichosa; verbal, escrita y/o física; de forma reiterada por parte del patrono, sus agentes, supervisores o empleados, ajena a los legítimos intereses de la empresa del patrono, no deseada por la persona, que atenta contra sus derechos constitucionales protegidos, tales como: la inviolabilidad de la dignidad de la persona, la protección contra ataques abusivos a su honra, su reputación y su vida privada o familiar, y la protección del trabajador contra riesgos para su salud o integridad personal en su trabajo o empleo. [...]

Por otro lado, el Art. 5 de la aludida Ley dispone que todo patrono que incurra, fomente o permita el acoso laboral, será civilmente responsable frente a las personas afectadas. 29 LPRA sec. 3115. Por ello, el referido artículo 5 establece que todo patrono adoptará e implementará las políticas internas necesarias a los fines de prevenir, desalentar y evitar el acoso laboral en sus centros de trabajo [...].

Además, la Ley Núm. 90-2020 también **le impone al empleado que reclame ser víctima de acoso laboral el deber de recurrir, en primera instancia, al procedimiento establecido por el patrono y, si este no rinde frutos, deberá acudir a un proceso de mediación de conflictos**. (Énfasis nuestro). En lo pertinente, el Art. 10 de la Ley Núm. 90-2020, 29 LPRA sec. 3120, explica que:

> Toda persona que reclame ser víctima de acoso laboral deberá comunicarlo siguiendo el procedimiento y

---

[3] *Exposición de Motivos* de la Ley Núm. 90-2020.

protocolo adoptado por su patrono, el cual, según ya dispuesto, deberá ser amparado en las guías uniformes establecidas por el Departamento del Trabajo y Recursos Humanos, la Oficina de Administración y Transformación de los Recursos Humanos del Gobierno de Puerto Rico, la Rama Legislativa y la Rama Judicial, según aplique.

Si las gestiones realizadas conforme al procedimiento y protocolo adoptado por el patrono resultan infructuosas, **el empleado afectado acudirá al Negociado de Métodos Alternos para la Solución de Conflictos de la Rama Judicial. Si habiéndose orientado, las partes no aceptan la mediación o el mediador no recomienda la misma, entonces se podrá acudir ante la sala del tribunal competente presentando evidencia acreditativa de que se agotó dicho mecanismo alterno y radicar la acción civil que provee esta Ley**. (Énfasis nuestro).

El Art. 7 de la Ley Núm. 90-2020, 29 LPRA 3117, reconoce que cuando una persona denuncia o alega haber sufrido acoso laboral, quedará protegida por la propia Ley, en cumplimiento con las disposiciones de la Ley Núm. 115 del 10 de octubre de 1991, conocida como *"Ley de Represalias contra Empleados por Ofrecer Testimonios y Causa de Acción"*, siempre que las expresiones no sean difamatorias o constituyan información privilegiada. *Íd.*

### C.

La *Ley de Procedimiento Sumario de Reclamaciones Laborales*, supra*,* provee un trámite especial para atender las querellas relacionadas con las disputas laborales presentadas por empleados u obreros en contra de sus patronos. *León Torres v. Rivera Lebrón*, 204 DPR 20 (2020), citando a *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254 (2018). Este mecanismo se distingue por la celeridad con la cual se deben encausar estos procesos judiciales. El carácter sumario constituye la médula de esta ley. *Íd.*

Con el fin de cumplir cabalmente con la intención legislativa de establecer un procedimiento expedito y sumario, los Tribunales deben abstenerse de revisar las resoluciones interlocutorias que se dicten durante dicho proceso. En consecuencia, la parte que pretenda impugnarlas deberá esperar hasta la sentencia final e

instar contra ella el recurso pertinente a base del alegado error cometido.  En *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483, 498 (1999), nuestro Tribunal Supremo concluyó que la revisión de resoluciones interlocutorias resulta contraria al carácter sumario del procedimiento laboral de la Ley Núm. 2.

Ahora bien, esta norma de autolimitación no es absoluta, pues quedaron exceptuadas de dicha prohibición aquellas resoluciones dictadas por un tribunal sin jurisdicción y aquellos casos extremos en los cuales los fines de la justicia así lo requieran. *Íd.,* pág. 498. En específico, el Tribunal Supremo de Puerto Rico dispuso que procedía la revisión inmediata cuando hacerlo dispondría del caso en forma definitiva o cuando tenga el efecto de evitar una grave injusticia. *Íd.*

### III.

En la presente causa, la peticionaria sostiene que erró el foro primario al denegar su moción de desestimación, toda vez que la recurrida no agotó el remedio que establece la Ley Núm. 90-2020 de acudir al Negociado de Métodos Alternos para la Solución de Conflictos de la Rama Judicial, previo a instar su causa de acción en el tribunal. Entiende que el TPI no ostenta jurisdicción para dilucidar el caso de referencia, por lo que la querella debe ser desestimada.

Luego de un análisis de los hechos particulares del caso, concluimos que no procede apartarnos de la norma general de autolimitación en el ejercicio de la función revisora que se nos requiere en pleitos de esta índole.

Debido a que estamos ante una *Resolución* interlocutoria dentro de una causa de acción al amparo del procedimiento sumario de la Ley Núm. 2 y que ninguna de las excepciones se encuentra presente en el caso de autos, denegamos la expedición del auto de *certiorari* solicitado.  Regla 40 del Reglamento del Tribunal de

Apelaciones, 4 LPRA AP. XXII-B, R. 40. Ante el hecho que la recurrida fue despedida de su empleo en el 2022, es nuestro parecer que la decisión impugnada no es claramente errónea, ni genera un fracaso de la justicia que justifique nuestra intervención.[4]

Cuando el TPI adjudique en su totalidad la causa de epígrafe, es que la parte perjudicada por la decisión final podrá comparecer ante nos y podrá solicitar la revisión de esta y de las resoluciones interlocutorias emitidas, de entenderlo procedente.

### IV.

Por las consideraciones que preceden, denegamos expedir el auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria. La Jueza Rivera Pérez está conforme con la determinación arribada por el Panel debido a que, la situación fáctica en la cual se da el contexto de este caso en particular es distinguible del caso *Carmen E. Reyes Cobián v. Autoridad de los Puertos*, KLCE202300445, determinación de la cual participo.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[4] En los casos en que es necesario interpretar una ley, los tribunales "[n]os encontramos en la obligación y el deber ineludible de lograr un resultado que se ajuste al propósito y a la política pública que inspiró a la Legislatura al aprobarlas". *San Gerónimo Caribe Project v. Registradora*, 189 DPR 849, 868 (2013). (Citas omitidas). Así pues, "[e]s regla dorada de hermenéutica judicial, que las disposiciones de una ley deben ser examinadas e interpretadas de modo que no conduzcan a resultados irrazonables e insostenibles, sino armoniosos". *Id.*, pág. 869; *Domínguez Castro et al. v. ELA II*, 178 DPR 375, 409 (2010). En cumplimiento con esta función es necesario que en la interpretación se armonicen, en la medida de lo posible, "todas las disposiciones de la ley con el propósito de lograr una interpretación integrada, lógica y razonable de la intención legislativa." *Matos v. Junta Examinadora*, 165 DPR 741, 749 (2005).