Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VIII

| ABEL J. HERNÁNDEZ DE JESÚS<br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br>Recurrida | KLRA202400597 | *Revisión Judicial* procedente de la Secretaría Auxiliar de Asuntos Legales e Investigaciones de Disciplina de Confinados del Departamento de Corrección y Rehabilitación<br><br>Querella Núm. 316-24-047<br><br>Sobre:<br>Incidente Disciplinario |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Adames Soto, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 12 de diciembre de 2024.

Comparece el señor Abel J. Hernández de Jesús (señor Hernández de Jesús o recurrente), confinado, solicitando que revoquemos la *Resolución* emitida por el Departamento de Corrección y Rehabilitación (Departamento o DCR), el 3 de mayo de 2024. En el referido dictamen, al recurrente se le encontró incurso de haber infringido varios *códigos* del *Reglamento para Establecer el Procedimiento Disciplinario de la Población Correccional*, Reglamento Núm. 9221 del 8 de octubre de 2020, (Reglamento 9221). En consecuencia, se le impuso como sanción la suspensión de varios privilegios, incluyendo visitas, comisaría y recreación activa. Juzga el recurrente que al así decidir el Departamento incidió, por cuanto incumplió con varios requisitos formales que preceden la imposición de tales sanciones, (*la Querella estaba defectuosa*).

Número Identificador

SEN2024_____

Examinado el asunto, y por los fundamentos que expondremos, concluimos que los errores señalados no fueron cometidos y debe prevalecer la deferencia a la determinación administrativa recurrida. *Confirmamos.*

## I. Resumen del tracto procesal

Surge del expediente ante nuestra consideración que el 8 de marzo de 2024, el Oficial Correccional Jonathan González Colón (Oficial Correccional o querellante), presentó un *Informe de Querella de Incidente Disciplinario*[1] (Querella) en contra del señor Abel Hernández De Jesús, por hechos presuntamente ocurridos el 7 de marzo de 2024. El Oficial Correccional relató en el referido *Informe* que mientras se encontraba *guardando unas restricciones mecánicas en el área escolar, se le acercó el maestro de barbería Melvin Ramos para notificarle que en el área escolar se encontraban dos confinados discutiendo y empujándose.*[2] Añadió que al llegar al salón se encontró con Edison Pellecier Mateo y el recurrente, que se estaban empujando y discutiendo, pero rápidamente se separaron al verle entrar. Culminó su relato de los hechos mencionando que ordenó al recurrente que saliera del salón debido a su actitud agresiva y desafiante, pero que este ignoró sus instrucciones.

A partir de la conducta descrita, en la Querella se desglosaron las siguientes infracciones a la Regla 16 del *Reglamento para establecer el procedimiento disciplinario de la población correccional*, infra: 202 (Agresión Simple o su Tentativa); 203 (Pelea); 204 (Disturbios); 206 (Forcejear o Juego de Manos); 222 (Abuso o Mal Uso de Privilegios); 233 (Desobedecer una Orden Directa), del Reglamento 9221. Según se hizo constar en la propia Querella, al entregarle copia de dicho al recurrente, este se negó a firmarla, por lo que se dejó constancia en el propio documento sobre ese hecho, junto con la firma y número de placa de un testigo.

---

[1] Anejo I del apéndice del recurso de *revisión judicial.*
[2] *Íd.*

Lo anterior dio lugar a que, el 11 de marzo de 2024, al recurrente se le entregara un *Reporte de Cargos[3]*, en el cual se desglosaron los cargos presentados en su contra y los hechos por los cuales se le imputaron estos, junto a la firma del *Oficial de Querella*. En este documento, distinto a cómo se hizo en la Querella, en el lugar donde correspondía indicar el *nombre del confinado*, fue escrito Abel Hernández Mateo. Tal como ocurrió con la Querella, el recurrente se negó a firmar el *Reporte de Cargo*.

Entonces, el 26 de marzo de 2024, al recurrente se le entregó una *Citación para vista administrativa disciplinaria,* pautándose el 24 de abril del mismo año para su celebración, y se reprodujo la lista de actos prohibidos que se le imputaron. En esta ocasión, según se hizo en la Querella, bajo el espacio que correspondía para el *nombre del confinado*, fue escrito Abel Hernández De Jesús[4].

La vista administrativa fue celebrada en la fecha pautada, según así surge de la *Resolución[5]* que emitió el Oficial Examinador que la presidió. En esta se hizo constar la prueba documental y testifical considerada, (entre la cual estuvo el testimonio del propio recurrente), junto a las determinaciones de hechos correspondientes, resultando en una determinación *Incurso* por infringir todos los *códigos* por los cuales fue imputado, a excepción de los siguientes; código 202 (Agresión Simple o su Tentativa); y el 206 (Forcejear o Juego de Manos). En consecuencia, se le impuso la siguiente sanción: "privación del privilegio de visita, comisaria, correspondencia (excepto legal), recreación activa, actividades especiales y cualquier otro privilegio que se le conceda en la institución por el término de veinte (20) días consecutivos, con cualquier otra sanción". En el espacio dispuesto para identificar el nombre del confinado en esta Resolución se hizo constar el de Abel Hernández De Jesús, tal como se había hecho en la Querella y en *Citación para vista*

---

[3] Anejo 7 del recurso de *revisión judicial*.
[4] Anejo 6 del recurso de *revisión judicial*.
[5] Anejo 5 del recurso de *revisión judicial*.

*administrativa disciplinaria.* No obstante, el querellante se negó a firmar el documento.

Inconforme con la determinación del DCR, el recurrente presentó una *Reconsideración*[6] ante esa agencia el 14 de mayo de 2024. Esgrimió: haber sido notificado de la querella fuera del tiempo reglamentario; que el *Reporte de Cargos* identificara un Abel Hernández Mateo, por lo que se negó a firmarlo al no haber sido dirigido a su persona, ni tener fecha exacta.

No obstante, tal petición de reconsideración fue rechazada de plano, 12 de agosto de 2024, notificada el 23 de agosto de 2024 mediante la entrega personal y firmada al recurrente.

Insatisfecho aun, el recurrente acudió ante este foro revisor, mediante recurso de *revisión judicial*, solicitando la revocación del dictamen administrativo emitido en su contra, para lo cual esgrimió varios argumentos que expondremos más adelante.

## II. Exposición de Derecho

### A. Revisión Judicial

El Art. 4.002 de la Ley Núm. 201-2003, Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, según enmendada, dispone que el Tribunal de Apelaciones revisará, como cuestión de derecho, las decisiones finales de los organismos y agencias administrativas que hayan sido tramitadas conforme con las disposiciones de la Ley Núm. 37-2017, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), 4 LPRA sec. 24 (u). En consonancia, la Regla 56 de nuestro Reglamento, provee para que este foro intermedio revise las decisiones, los reglamentos, las órdenes y las resoluciones finales dictadas por organismos o agencias administrativas. Regla 56 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.56.

Tal ejercicio revisor está enmarcado en el principio reiterado de que las decisiones de las agencias administrativas están investidas de una

---

[6] Anejo 3 del recurso de *revisión judicial.*

presunción de legalidad y corrección. *Capó Cruz v. Jta. Planificación et al.*, 204 DPR 581, 591 (2020); *García Reyes v. Cruz Auto Corp.*, 173 DPR 870, 893 (2008); *Matos v. Junta Examinadora*, 165 DPR 741, 754 (2005). Lo anterior se fundamenta en el conocimiento especializado y la experiencia *(expertise)* sobre la materia que su ley habilitadora le confiere. *Assoc. Ins. Agencies, Inc. v. Com. de Seguros*, 144 DPR 425, 436 (1997); *Misión Ind. PR v. J.P. y A.A.A.*, 142 DPR 656, 672-673 (1997).

En este contexto, la revisión judicial se limita a determinar si la agencia actuó de forma arbitraria, ilegal, o tan irrazonable que implique abuso de discreción. *Pérez López v. Departamento de Corrección y Rehabilitación,* supra, en la pág. 673; *OCS v. Point Guard Ins.*, 205 DPR 1005, 1026-1027 (2020); *Rivera Concepción v. A. R. Pe.*, 152 DPR 116, 122 (2000). Esto significa que el tribunal respetará el dictamen de la agencia, salvo que no exista una base racional que fundamente la actuación administrativa. *ECP Incorporated v. OCS*, 205 DPR 268, 282 (2020); *Misión Ind. P.R. v. J.P.*, 146 DPR 64, 134-135 (1998). Así, la revisión judicial suele limitarse a determinar si: (1) el remedio concedido por la agencia fue el apropiado; (2) las determinaciones de hechos realizadas por la agencia están sostenidas por evidencia sustancial en el expediente administrativo; y (3) si las conclusiones de derecho fueron correctas. *Pacheco v. Estancias*, 160 DPR 409, 431 (2003).

La parte que impugna la decisión administrativa tiene que producir evidencia de tal magnitud que conmueva la conciencia y tranquilidad del juzgador de forma que este no pueda concluir que la decisión de la agencia fue justa porque simple y sencillamente la prueba que consta en el expediente no la justifica. Ello implica que "[s]i en la solicitud de revisión la parte afectada no demuestra la existencia de esa otra prueba, las determinaciones de hecho de la agencia deben ser sostenidas por el tribunal revisor". *Domínguez v. Caguas Expressway Motors, Inc.*, supra, pág. 398; *Ramírez v. Depto. de Salud*, 147 DPR 901, 905 (1999).

**B. Reglamento para Establecer el Procedimiento Disciplinario de la Población Correccional, (Reglamento 9221)**

El Reglamento 9221 fue aprobado el 8 de octubre de 2020 con el propósito de establecer las disposiciones reglamentarias aplicables a los confinados que cometan o intenten cometer un acto prohibido bajo la jurisdicción del DCR. Regla 3 (11) del Reglamento 9221. A través de este se dispuso de un mecanismo para imponer medidas disciplinarias en las instituciones correccionales, mientras se le garantiza un debido proceso de ley a los confinados. Regla 3, Reglamento 9221.

La Regla 6(C) del Reglamento bajo examen establece que cualquier oficial correccional o funcionario del DCR puede presentar una querella, cuando sea testigo de un acto o incidente prohibido, o infracción a las norma y reglamentos del DCR por parte de un miembro de la población correccional o tiene un motivo fundado para creer que un miembro de la población correccional cometió alguna infracción a las normas o reglamentos del DCR.

La referida Querella debe contener la siguiente información: 1) descripción clara y detallada del incidente, incluyendo día, mes, año, hora y lugar del incidente, 2) **nombre del miembro de la población correccional querellado**, 3) nombre de los testigos, 4) la prueba obtenida, 5) manejo de la prueba, 6) nivel y código correspondiente al acto prohibido imputado, 7) nombre del querellante, 8) identificación precisa del querellante (puesto, número de placa, posición, lugar de trabajo, 9) fecha de radicación de querella disciplinaria, y 10) si se obtuvo información confidencial. Regla 6(A) del Reglamento 9221. (Énfasis provisto).

La misma disposición reglamentaria dispone que la querella disciplinaria debe presentarse dentro del término de dos (2) días laborables después del incidente, o dentro del término de dos (2) días laborables desde que el querellante tuvo o debió tener conocimiento del incidente. Además, en su inciso (D)(1), la misma regla dispone que se le notificará al miembro de la población corrección del acto prohibido que se le imputa mediante un *Reporte*

*de Cargos*. Reglamento 9221. Dicho reporte deberá ser claro y específico, precisando los hechos que constituyen la alegada violación, incluyendo la disposición presuntamente infringida. Regla 6(D) 2-3, Reglamento 9221. Finalmente, y ser notificado personalmente al miembro de la población correccional. Regla 6(D)4, Reglamento 9221.

Por otra parte, la Regla 7, intitulada *Querella Defectuosa*, ordena al Oficial de Querellas a revisar el mencionado documento para determinar que este esté adecuadamente redactado y asegurarse de que contenga una narración clara y detallada de los hechos y los elementos del acto prohibido imputado. Regla 7, Reglamento 9221. De identificar defectos, la regla establece que la Oficial de Querella tendrá el deber de devolverla para que se le corrijan los desperfectos pertinentes, dentro de un término de dos (2) dias laborales. Regla 7.1, Reglamento Núm. 9221.

## III. Aplicación del Derecho a los hechos

El señor Hernández de Jesús arguye infracción a su debido proceso de ley, toda vez que la *Querella* y el *Reporte de Cargos* presentados en su contra presuntamente adolecían de varios defectos. A estos efectos argumentó que, en el encasillado núm. 18 de la Querella, la Oficial de Querellas solo incluyó su firma y omitió su nombre en letra de molde, a pesar de lo que requiere dicho documento. Similarmente, aduce que en el encasillado núm. 4 de la Querella se omitió su número de confinado, violentando así la Regla 7 del Reglamento Núm. 9221. Además, señaló como defecto que el *Reporte de Cargos* fue dirigido a Abel Hernández Mateo, a pesar de que su segundo apellido es *de Jesús*. Añadió que el Oficial-querellante falló con su deber ministerial de estar en la barbería en todo momento para brindar seguridad al maestro y a los confinados. Finalmente afirmó que la sanción impuesta es inconstitucional, debido a que en el caso *Morales Feliciano v. Romero Barceló*, 672 F. Supp. 591 (1986), se dictaminó que los confinados tienen derecho a un mínimo de dos (2) horas diarias de recreación, servicio de correo y visitas.

Con referencia al alegado defecto de forma cometido en el encasillado núm. 18 de la Querella, el argumento no tiene mérito alguno por cuanto surge

del propio documento aludido que la Oficial de Querellas Magda Rodríguez incluyó su nombre en letra de molde y firma en la sección designada para ello.

Con respecto a la afirmación del recurrente con referencia a que la agencia dejara en blanco el encasillado núm. 4 de la Querella, el cual es designado para indicar el número de confinado, en efecto ello fue así. Sin embargo, tal omisión no tiene efecto revocatorio de la Resolución recurrida, ni afectó derecho alguno del recurrente. Según ilustramos en la exposición de derecho, la Regla 6(A) del Reglamento 9221 no exige que la Querella contenga el número de confinado, sino que solo requiere el *nombre* del querellado. Como ya hemos señalado, la Querella sí contuvo el nombre correcto del recurrente, Abel Hernández De Jesús, identificándolo como el querellado en la acción administrativa iniciada. En este sentido, el contenido de la Querella cumplió el propósito medular de informar al querellado, de manera clara y detallada, las infracciones imputadas y a quién iba dirigida las sanciones imputadas.

Por otra parte, el recurrente también aduce que debió corregirse el nombre que se utilizó en el *Reporte de Cargos,* no siendo él Abel Hernández Mateo, según allí fue escrito. Ciertamente en el *Reporte de Cargos* se utilizó el nombre completo Abel Hernández Mateo, en lugar de Abel Hernández *De Jesús,* sin embargo, visto el expediente administrativo de manera integral, resulta obvio que solo se trató de un error que no causó lesión al debido proceso de ley del recurrente. Según detallamos en el recuento procesal, tanto en la *Querella,* en la *Cita para vista administrativa disciplinaria,* la *Resolución* emitida luego de realizarse la vista administrativa, como en la *Resolución* denegatoria de *Reconsideración,* la agencia recurrida sí precisó en cada uno de estos documentos de manera correcta el nombre completo del recurrente, utilizando los apellidos correspondientes, Hernández De Jesús. Al verificar los documentos aludidos, reiteramos, no albergamos duda de que, antes, durante y después de concluido el proceso administrativo seguido en contra del recurrente este estuvo debidamente notificado sobre los hechos que se le

imputaron, junto a los que cargos presentados, y que tal causa iba dirigida a su persona, y no a otro confinado. Por tanto, no cabe esgrimir una lesión a su debido proceso de ley de estar bien informado, por causa de lo que, a lo sumo, se trató de un error de forma sin peso para subvertir la *Resolución* recurrida.

En cuanto al señalamiento de error que evocó sobre un alegado deber ministerial del Oficial Correccional, a quien presuntamente correspondía estar presente en el área del incidente, por una parte, el recurrente no profundizó sobre este argumento, es decir, no citó la autoridad legal de dónde surgía tal presunto deber, menos aún sobre la pertinencia con relación a los cargos imputados, ni aludió a prueba alguna para sostener lo aseverado. Además, como ocurre con el señalamiento de error a ser discutido en el próximo párrafo, es de ver que, examinado el expediente administrativo, no surge que este asunto fuera levantado por el recurrente en ninguna de las etapas del proceso seguido en su contra ante el DCR. Es decir, en la vista administrativa ante el DCR, ni a través de la *Moción de reconsideración* instada ante esa misma agencia, el recurrente dio oportunidad al foro recurrido para dilucidar este planteamiento, que por primera vez alza ante nosotros. Según es sabido, el Tribunal de Apelaciones es un foro revisor, no primario, por tanto, corresponde inicialmente al foro revisado tener la oportunidad de adjudicar las controversias, antes de presentarlas al Tribunal de Apelaciones, y de aquí el impedimento general de que consideremos controversias que una agencia administrativa no hubiese tenido oportunidad de aquilatar antes. Véase, *Vera v. Dr. Bravo,* 161 DPR 308, 334-335 (2004); *Ortiz Torres v. K & A Developers, Inc.*, 136 DPR 192 (1994); *Autoridad sobre Hogares v. Sagastivelza*, 71 DPR 436, 439 (1950).

A igual resultado se nos impone llegar respecto a la presunta inconstitucionalidad de la sanción impuesta al recurrente que este levantó como error por primera vez ante nosotros, sin haberlo siquiera mencionado en el proceso disciplinario que se siguió en su contra en el DCR. En este sentido, el recurrente no le permitió al foro recurrido discurrir sobre este

aducido error, sino que, al contrario, parece pretender que ejerzamos una jurisdicción original sobre el asunto que no tenemos, pues estamos limitados a nuestra competencia revisora.

En definitiva, no atisbamos razón o fundamento alguno para considerar que la *Resolución* recurrida fuera irrazonable o arbitraria, ni que la evidencia sustancial que obra en el expediente fuera insuficiente para sostener la *Resolución* recurrida. En consecuencia, procede *confirmar*.

**IV. Parte dispositiva**

Por los fundamentos que anteceden, se *confirma* el dictamen recurrido.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones